UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Yoshiko Saito Haines,

        Appellant,

v.

United States of America,

        Appellee.

Case No. 3:08-5629 RJB

DECISION RE APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WASHINGTON, BANKRUPTCY CASE No. 08-04066 PBS

      This matter comes before the court on Appellant's Opening Brief. Dkt. 7. The court has considered the relevant documents in support of and in opposition to this appeal and the remainder of the file herein.

I. PROCEDURAL FACTS

      On June 13, 2008, the appellant, Yoshiko Saito Haines, filed an Adversary Complaint against the Internal Revenue Service and Pension Benefit Guaranty Corporation. Bankruptcy Dkt. 1. On July 17, 2008, the Internal Revenue Service filed a Motion to Dismiss Adversary Case. Bankruptcy Dkt. 7. On August 8, 2008, the Internal Revenue Service withdrew its Motion to Dismiss. Bankruptcy Dkt. 19. However, on August 15, 2008, the Internal Revenue Service filed a Second Motion to Dismiss Adversary Complaint. Bankruptcy Dkt. 25. On August 28, 2008, the appellant filed a Response to the Internal Revenue Service's Second Motion to Dismiss and Support for Amplification of Amended Complaint. Bankruptcy Dkt. 28. On September 2, 2008, the appellant filed an Addendum to Amended Complaint. Bankruptcy Dkt. 31.

On September 11, 2008, the Bankruptcy Court entered a Memorandum Decision on the Internal Revenue Service's Second Motion to Dismiss. Bankruptcy Dkt. 33. In the Memorandum Decision, the Bankruptcy Court dismissed all of the appellant's claims against the Internal Revenue Service. Bankruptcy Dkt. 33; Dkt 34. Also on September 11, 2008, the Bankruptcy Court entered an Order Granting the Plaintiff Authority to Amend Complaint and Substituting United States of America for Defendant Internal Revenue Service Nunc Pro Tunc, and Granting Defendant's Second Motion to Dismiss. Bankruptcy Dkt. 34.

On September 23, 2008, the appellant filed a Motion to Court to Reconsider its Memorandum Decision and Order Granting Defendant's Second Motion to Dismiss. Bankruptcy Dkt. 39. Also on September 23, 2008, the appellant filed a Motion to Allow Restated Amended Complaint Including Addendum. Bankruptcy Dkt. 40. The appellant filed with this motion a Restated Complaint Including Addendum. Bankruptcy Dkt. 42. On this same day, the appellant also filed a Motion to Extend Appeal Time While Court Reviews Motion to Reconsider. Bankruptcy Dkt. 41.

On September 25, 2008, the United States of America filed a responses to the appellant's Motion to Amend Complaint (Bankruptcy Dkt. 44) and Motion to Extend Time for Appeal (Bankruptcy Dkt. 45).

On October 1, 2008, the Bankruptcy Court entered an Order Denying Motions to Extend Time for Filing Appeal, Reconsideration and to Amend Complaint. Bankruptcy Dkt. 46.

II. ORDER DENYING MOTIONS TO EXTEND TIME FOR FILING APPEAL, RECONSIDERATION AND TO AMEND COMPLAINT

First, in the Order Denying Motions to Extend Time for Filing Appeal, Reconsideration and to Amend Complaint (Bankruptcy Dkt. 46), the Bankruptcy Court determined that the Debtor's Motion to Extend Appeal Time should be denied because the time for the appellant to appeal had expired and the appellant made no showing of excusable neglect. *Id.* Second, the Bankruptcy Court decided that Debtor's Motion for Reconsideration should be denied because it was untimely and failed to establish the required "extraordinary circumstances" required under Federal Rule of Civil Procedure 60(b). *Id.* Specifically, the Bankruptcy Court found that the appellant "has not alleged injury or circumstances beyond her control that prevented her from proceeding with prosecution of her action in a proper fashion," and that the appellant has not met her burden for relief under Rule 60(b)(6). *Id.* Finally, the Bankruptcy Court determined that

Debtor's Restated Amended Complaint failed to cure any legal deficiencies because it merely "contain[ed] the same substance as the Amended Complaint filed on August 6 and Addendum filed September 4, but merely restate[d] it in a different manner." *Id.*

## III. APPEAL OF BANKRUPTCY COURT'S ORDER

On October 9, 2008, the appellant filed a Notice of Appeal from the Bankruptcy Court's October 1, 2008 Order to the Bankruptcy Appellate Panel. Bankruptcy Dkt. 48. On October 14, 2008, the United States of America filed an Election of Appeal to the District Court. Bankruptcy Dkt. 49. The appellant raises these issues on appeal: whether the Bankruptcy Court

(1) erred in dismissing the appellant's Motion to Extend Time to File Appeal, Motion to Reconsider, Motion to Amend Complaint because the appellant's filing the motion one-day late was only harmless error,

(2) erred in declining to find subject matter jurisdiction in the appellant's Motion to Reconsider,

(3) erred by not finding that a claim for which relief could be granted in the appellant's Restated Amended Complaint and Motion to Reconsider because the Internal Revenue Service does not have delegated authority to create and file substitute tax returns,

(4) erred in not finding that the appellant's Motion to Reconsider and Restated Amended Complaint provided a clear and concise pleading "which gives notice to Defendant that Plaintiff asserts a constitutional due process violation against the IRS for not following its own internal procedures which also gives rise to a quiet title issue as to her benefits and a common law money had and received issue, all of which can only be proved conclusively by IRS bringing forth it's files on this Plaintiff as it exclusively controls **all** documents necessary for a determination of this matter," and

(5) the Bankruptcy Court erred in dismissing all claims without an opportunity to amend/restate her claims because it is "too harsh a remedy against a first time pro se litigant." Dkt. 5-3.

## IV. DISCUSSION

This court has jurisdiction to hear the appeal under 28 U.S.C. § 158(a). This court has jurisdiction to hear appeals for final orders, judgments, and decrees. 28 U.S.C. § 158(a)(1). The Bankruptcy Court entered its Order Denying Motions to Extend Time for Filing Appeal, Reconsideration and to Amend Complaint on October 1, 2008. Bankruptcy Dkt. 46. *See Young Properties Corp. v. United Equity Corp.,* 534 F.2d 847, 851 (9thCir. 1976) (stating that a decision which finally determines the rights of parties to secure in that suit the relief they seek is a "final decision.")

The district court has power to consider any issue presented by record on appeal of bankruptcy matter, even if issue was not presented to the bankruptcy court. *Matter of Pizza of Hawaii, Inc.,* 761 F.2d 1374 (9th Cir. 1985); Fed. R. Bankr. P. 8013.

Because the appellant filed this appeal *pro se*, the court has construed all pleadings in the appellant's favor and has afforded the appellant the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 623 (9th Cir. 1988)

### *A. Applicable Standards of Review*

The existence of subject matter jurisdiction is a determination that is a matter of law and is reviewed *de novo*. *In re Jogert, Inc.,* 950 F.2d 1498, 1501 (9th Cir. 1999). This court reviews challenges for a dismissal for failure to state a claim on a *de novo* basis. *See Zucco Partners, LLC v. DigiMarc Corp.,* 2009 WL 57081, at *3 (9th Cir. 2009). The Bankruptcy Court's decision whether to allow an amended complaint, to grant reconsideration pursuant to Federal Rule of Civil Procedure 60(b) and to extend the time to appeal is reviewed for abuse of discretion. *See Ditto v. McCrudy*, 510 F.3d 1070, 1078-79 (9th Cir. 2007); *Leslie v. Grupo ICA,* 198 F.3d 1152, 1157 (9th Cir. 1999); *Alaska Limestone Corp. v. Hotel*, 799 F.2d 1409, 1411 (9th Cir. 1986). The Bankruptcy Court's finding of facts are reviewed for "clear error." *In re Handelsman,* 2008 WL 5110911, at *1 (9th Cir. 2008). The district court cannot set aside the Bankruptcy Court's finding of facts unless "clearly erroneous." Fed. R. Bankr. P. 8013.

### *B. Bankruptcy Court's Denial of the Appellant's Motion to Extend Time to File Appeal*

The Bankruptcy Court denied the appellant's Motion to Extend Time to File an Appeal because the time to file this motion had expired and the appellant made no showing of excusable neglect. Bankruptcy Dkt. 46.

Under Bankruptcy Rule 8002(c)(2), "[a] request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect." Pursuant to Bankruptcy Rule 8002(a), a notice of appeal "shall be filed with the clerk within 10 days of the date of the entry of the...order...appealed from."

The appellant's Motion to Extend Appeal Time was filed on September 23, 2008. Bankruptcy Dkt. 41. The Bankruptcy Court entered the relevant order, dismissing the appellant's Amended Adversary Complaint, on September 11, 2008. Bankruptcy Dkt. 33; Dkt. 34. The appellant should have filed her Motion to Extend Appeal Time on or before September 22, 2008 in order to be within the time limits prescribed by Bankruptcy Rule 8002(c)(2) and 8002(a).

Furthermore, the Bankruptcy Court determined that the appellant did not argue or establish in her Motion to Extend Appeal Time that she failed to seek an extension within the required time due to excusable neglect. Bankruptcy Dkt. 46. The appellant's Motion to Extend Appeal Time does not contain any arguments or explanation as to why the appellant failed to file her Motion to Extend Appeal Time within the requirements of Bankruptcy Rule 8002. The Bankruptcy Court did not abuse its discretion in denying the appellant's Motion to Extend Appeal Time because it was untimely under the Bankruptcy Rules and the appellant presented no argument that it was untimely due to excusable neglect.

The appellant argues on appeal that her inaction was excusable because she made an error in counting the number of days allowed to file the motion, and it is her first legal proceeding where she has appeared *pro se*. Dkt. 7. The appellant now argues that this error is harmless and excusable. Dkt. 7.

In response to the appellant's arguments, the appellee states that this argument is not preserved for appeal because a factual record on this issue was never created before the Bankruptcy Court and it fails as a matter of law. The appellant argues in her brief for the first time why she failed to file the Motion to Extend Appeal Time within the ten-day period. Dkt. 7. This court will not address issues that lack a factual record in the court below. *See In re Home America*, 232 F.3d 1046, 1052 (9th Cir. 2000) ("exceptional circumstances" must exist to hear new arguments on appeal, particularly where the arguments rest on a factual record not developed below); *United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) (documents or facts not presented to the district court are not part of the record on appeal). In the appellant's reply,

she attempts to present new arguments to the court as to why she failed to file the Motion to Extend Appeal Time within the ten-day period. This court cannot properly consider these arguments on this issue because a factual record was not created before the Bankruptcy Court.

Assuming that even if the court had subject matter jurisdiction to hear these arguments, the appellant's arguments are frivolous because they fail to meet the Ninth Circuit's established factors to determine excusable neglect. *See Harvest v. Castro*, 531 F.3d 737, 746-47 (9th Cir. 2008); *In re Rebel Rents, Inc.*, 326 B.R. 791, 798-99 (9th Cir. BAP 2005). The Ninth Circuit applies a list of four non-exclusive factors: (1) prejudice to the opposing party, (2) length of delay and potential impact on the proceedings, (3) the reason for the delay and whether it was in the control of the party, and (4) the good faith of the moving party. *Id.* The appellant states in her brief that her motion of time was "unknowingly and inadvertently filed one day late, which should not be held against a first time in propria persona litigant." Dkt. 7. In her reply brief, the appellant states that she prevails under the Ninth Circuit's factors. However, the appellant makes arguments about her knowledge of the time limits and mistake for the first time, and there is no record to support these arguments. The Bankruptcy Court's denial of the appellant's Motion to Extend Appeal Time and ruling that it lacked the subject matter jurisdiction to extend the appeal time should be affirmed.

*C. Bankruptcy Court's Denial of the Appellant's Motion to Reconsider*

The Bankruptcy Court denied the appellant's Motion to Reconsider because it was untimely, and it failed to establish the required "extraordinary circumstances" pursuant to Federal Rule of Civil Procedure 60(b). Bankruptcy Dkt. 46. Specifically, the Bankruptcy Court found that the appellant "has not alleged injury or circumstances beyond her control that prevented her from proceeding with prosecution of her action in a proper fashion." *Id*.

The appellant's Motion to Reconsider was untimely under Bankruptcy Rule 9013(h), which states that a motion for reconsideration is governed by Local Rule W.D. Wash 7(h) and that such motions shall be filed and served within 10 days after entry of the order. Local Bankruptcy Rule W.D. Wash 9013(h). In this case, the appellant filed her Motion to Reconsider one-day late on September 23, 2008. Bankruptcy Dkt. 39. Therefore, the Bankruptcy Court did not abuse its discretion in denying this Motion to Reconsider because it was untimely.

The Bankruptcy Court in this case construed the appellant's Motion to Reconsider as a request for relief from an order. Bankruptcy Dkt. 46. Bankruptcy Rule 9024 states that Rule 60 applies in most cases under the Bankruptcy Code. Fed. R. Bankr. P. 9024. Under Rule 60(b), a court can grant relief from a final order for (1) mistake, inadvertence, surprise or excusable neglect, (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b), (3) fraud, (4) a void judgment, (5) a satisfied or discharged judgment, or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). The Bankruptcy Court determined that the appellant's Motion to Reconsider fell under the catchall provision of Fed. R. Civ. P. 60(b)(6) as relief from a judgment for "any other reason." The Bankruptcy Court stated that the appellant did not allege injury or circumstances beyond her control that prevented her from proceeding with prosecution of her action in a proper fashion. Bankruptcy Dkt. 46. In the appellant's Motion to Reconsider, she includes restated paragraphs of her Amended Complaint but does not provide any reasons why the court should grant relief under Rule 60(b) under any grounds. Bankruptcy Dkt. 39. "A court abuses its discretion in denying a motion to reconsider if the underlying decision 'involved a clear error of law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir.1999). Here, there was no clear error of law involved in the appellant's Motion to Reconsider. The Bankruptcy Court did not abuse its discretion in denying the appellant's Motion to Reconsider.

Even if the appellant's Motion to Reconsider was timely, the Bankruptcy Court's denial was not an abuse of discretion. A motion for reconsideration should not be used "to ask the Court to rethink what it has already thought." *Motorola, Inc. v. J.B. Rodgers Mech. Contrs., Inc.*, 215 F.R.D. 581, 582 (D.Ariz.2003). *See also Taylor v. Knapp,* 871 F.2d 803, 805 (9th Cir.1988) (holding denial of a motion for reconsideration proper where "it presented no arguments that had not already been raised in opposition to summary judgment"). CR 7(h)(1) states that "[m]otions for reconsideration are disfavored."

There was no clear error of law in the Bankruptcy Court's earlier Memorandum Decision (Bankruptcy Dkt. 33), because the Bankruptcy Court properly determined that the appellant's Adversary Complaint failed to state a claim upon which relief could be granted.

Furthermore, the appellant's repeated arguments in her Motion to Reconsider are also without merit. Through this appeal of the denial of the appellant's Motion to Reconsider, the appellant has tried to impermissibly re-argue the merits of her claims, which were already presented to the Bankruptcy Court.

Specifically, the appellant raises numerous "issues" in this appeal, but these issues have already been decided by the Bankruptcy Court on two occasions, and this court does not have to address those "issues" in order to make a determination on this matter. *See* Bankruptcy Dkt. 33 & 46. The appellant's appeal of the Bankruptcy Court's denial does not give the appellant another shot at re-arguing these frivolous claims because (1) the appellant missed her deadline to file an appeal of the Bankruptcy Court's earlier dismissal of her claims, and (2) the appellant's re-argued claims are without merit and frivolous. Therefore, the Bankruptcy Court did not abuse its discretion in denying the appellant's Motion to Reconsider.

*D. Bankruptcy Court's Denial of the Appellant's Motion to Allow Restated Amended Complaint*

On September 23, 2008, the appellant filed a Motion to Allow Restated Amended Complaint Including Addendum with the Bankruptcy Court. Bankruptcy Dkt. 40. On October 1, 2008, the Bankruptcy Court entered an Order Denying Motions to Extend Time for Filing Appeal, Reconsideration and to Amend Complaint. Bankruptcy Dkt. 46. In this order, the Bankruptcy Court stated that the "Restated Amended Complaint does not appear to raise any new allegations, arguments, or authority that are different than the ones already considered by this Court." *Id*. Specifically, the Bankruptcy Court noted that it "contains the same substance as the Amended Complaint filed on August 6 and Addendum filed on September 4, but merely restates it in a different manner." *Id*.

The appellee argues that the Bankruptcy Court correctly denied the appellant's motion to amend her adversary complaint because the same claims, only restated, had been dismissed and amended three times. Dkt. 8. Furthermore, the appellee asserts that the appellant did not plead any new or viable causes of action and the appellant "amended her Adversary Complaint so as to present the same old tired and inane tax protest rhetoric more concisely." *Id*.

Furthermore, the appellant states in her Motion to Allow Restated Amended Complaint that she "has maintained the same 29 allegations but has removed most of the law and case cites to the Motion to Reconsider the Court's Memorandum Decision and Order as well as remove some allegations dealing with 'taxpayer status/issues.'" Bankruptcy Dkt. 40.

Under Federal Rule of Civil Procedure 15, "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...." *See* Fed. R. Bankr. P. 7015 (states that Fed. R. Civ. P. 15 applies in adversary proceedings). If a complaint is dismissed for failure to state a

1 claim upon which relief can be grant, the court may deny leave to amend if amendment of the complaint
2 would be futile. *Albrecht v. Lund,* 845 F.2d 193, 195 (9th Cir. 1988). Here, the Bankruptcy Court made a
3 determination that the appellant's amended complaint had no new or viable claims and accepting the
4 amended complaint would be futile because it merely presented the same substance as her previous
5 adversary complaints, which had been dismissed by the court. Bankruptcy Dkt. 46. Therefore, the
6 Bankruptcy Court did not abuse its discretion in denying the appellant's Motion to Allow Restated
7 Amended Complaint.

## V. CONCLUSION

First, the Bankruptcy Court properly determined that the time to file a Motion to Extend Time to File Appeal had expired and the appellant made no showing of excusable neglect. Second, the Bankruptcy Court properly decided that the time to file a Motion to Reconsider had expired and the appellant made no showing of grounds to grant relief from a final order for any other reason. Moreover, motions for reconsideration, or Rule 60 motions, are not opportunities for a party to re-argue claims that were properly decided by the court. Similarly, an appeal of a denial of a motion for reconsideration is not an opportunity for a party to re-argue frivolous arguments or claims especially where that court's earlier decision was not preserved for appeal. Finally, the Bankruptcy Court properly denied the appellant's Motion to Allow Restated Amended Complaint because the appellant presented no new allegations, arguments or authority beyond ones already considered by the court.

Therefore, it is hereby

**ORDERED** that the ruling of the Bankruptcy Court is **AFFIRMED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 11th day of March, 2009.

ROBERT J. BRYAN
United States District Judge